791 F.2d 654
 UNITED STATES of America, et al.,
v.
MARK TWAIN BANK-KANSAS CITY, et al.
2001 COMPUTERIZED CONSULTANTS, INC., Appellant,
v.
UNITED STATES of America, TIC Federal Credit Union (TIC) and
Bergstrom Federal Credit Union of Austin, Appellees.
UNITED STATES of America, et al.,
v.
MARK TWAIN BANK-KANSAS CITY, et al.
Arthur B. SELECTMAN, Jr., d/b/a/ A & A Replacement Parts; A
& A Towing, Perfection Body Shop and Select
Industries, Inc., a Kansas corporation, Appellant,
v.
UNITED STATES of America, TIC Federal Credit Union (TIC) and
Bergstrom Federal Credit Union of Austin, Appellees.
 Nos. 84-2370, 84-2482.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 8, 1985.
Decided May 23, 1986.
 
 Thomas Bradshaw, Kansas City, Mo., for appellant Computerized consultants.
 Arthur B. Stoup, Kansas City, Mo., for appellant Arthur Selectman.
 Linda L. Parker, Asst. U.S. Atty., Kansas City, Mo., for appellees.
 Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and HARRIS,* Senior District Judge.
 PER CURIAM.
 
 
 1
 In a prior proceeding, we remanded this case to the district court for further findings regarding whether Select Industries, Inc. (Select), acting through its president, Arthur Selectman, was a holder in due course of a certain $850,000 cashier's check. The background of this transaction and the issues before the district court on remand are set forth in our earlier opinion. See United States v. Mark Twain Bank-Kansas City, 771 F.2d 361 (8th Cir.1985). On remand, the district court adhered to its original conclusion that Select was not a holder in due course of the cashier's check based on its findings that (1) 2001 was Select's agent and that 2001's knowledge of the source of the funds could thus be imputed to Select; (2) Selectman did not act in good faith in failing to inquire as to the source of the funds in light of the surrounding circumstances; and (3) Select had not given value for the cashier's check because the consulting contract between 2001 and Select was contingent on 2001 obtaining a loan for Select and thus did not constitute an irrevocable commitment.
 
 
 2
 We have grave difficulty with the district court's findings that 2001 was Select's agent and that Selectman did not act in good faith in failing to investigate the source of the funds. We need not address these issues, however, because we agree with the district court that the consulting contract did not constitute an irrevocable commitment by Select to pay 2001 $80,000 for consulting services and that Select thus did not give value for the cashier's check. We find that under Missouri law, the district court could properly find that Select's obligation to 2001 was conditioned on Select actually receiving the loan.
 
 
 3
 As we noted in our earlier opinion, on its face the consulting agreement obligates Select to pay 2001 $80,000 for "consulting services" whether or not Select received the loan proceeds. 771 F.2d at 366. The district court correctly observed on remand, however, that the agreement is completely silent regarding what areas or subjects are covered by 2001's promise to provide "consulting services" and that parole evidence was admissible under Missouri law to clarify what 2001 was obligated to do in return for the $80,000. See Modine Manufacturing Co. v. Carlock, 510 S.W.2d 462, 467-68 (Mo.1974). Based on the testimony of both parties that the consulting agreement obligated 2001 to successfully procure a loan for Select before Select was obligated to pay 2001 the $80,000 consulting fee, the district court determined that Select's obligation under the consulting agreement did not constitute an irrevocable commitment. The district court thus concluded that Select had not given value for the cashier's check and was not a holder in due course. We hold that the district court did not err in these findings.
 
 
 4
 The judgment of the district court is affirmed.
 
 
 
 *
 The HONORABLE OREN HARRIS, Senior United States District Judge for the Eastern and Western Districts of Arkansas, sitting by designation